UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN

**RICHARD D. HAMONTREE**                                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:16-CV-00084-GNS**

**UNITED STATES**                                                                                             **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Richard D. Hamontree filed this *pro se* action proceeding *in forma pauperis*. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

In the caption of his complaint, Plaintiff lists the United States as the sole Defendant in this action. However, in the first sentence of his complaint, Plaintiff states that this "cause of action lies with the Secretary of the Treasury, Mr. Jacob J. Lew" for violating "the statutes of the Constitution and the federal laws governing his office, while acting under the directives of Congress without legal authority." Thus, although Plaintiff does not identify Mr. Lew as a Defendant in this action, the Court construes Plaintiff's action as being against both the United States and Mr. Lew in his official capacity as the Secretary of the Treasury.

Plaintiff states that Defendant Lew has "in part or in whole committed derelection of duty to the American Citizens he was appointed to protect." Plaintiff specifically alleges that Defendant Lew has violated:

> Title II, Section 201(b) of the Social Security Act . . . codified at 42 U.S.C. § 401 (a) . . . [which] states: It shall be the duty of the Secretary of the Treasury to invest such portion credited to the account (Social Security tax money collected by the Federal Government) as not in his judgment required to meet current

withdrawals . . . .  The Secretary is further directed each month to certify that one hundred percent (%100) of all money collected from Social Security Taxes are accounted for, appropriated to fund the Social Security System or deposited into accounts of the Social Security System from which loans may be acquired.

Plaintiff alleges that Defendant Lew has "violated these rules and has demonstrated fits of improvident generosity (not providing for the future) by not depositing funds in the Social Security system that will accrue for the future payments."  As relief, Plaintiff asks the Court to issue a writ of mandamus under 28 U.S.C. § 1361.  He specifically asks the Court to order Defendant "to stop the illegal removal of funds from the Social Security System, funds belonging to the Citizens of the United States of America" and to have all funds returned that were "removed by congress without a legal authority."  Plaintiff also seeks to be awarded compensation for the time he has been spent researching this action and reimbursement for the travel and purchases he has made in relation to such.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).  The party who

seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Pursuant to Article III of the United States Constitution, a plaintiff must have standing to bring an action in order for a federal court to exercise subject-matter jurisdiction over the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-6051 (1992). "To establish Article III standing, a plaintiff "must show: (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341-42 (2014). "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 2341. Further, "when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). As stated by the Supreme Court:

> [A] plaintiff raising only a generally available grievance about government - claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly tangibly benefits him than it does the public at large - does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573-74.

The Court finds that it lacks subject-matter jurisdiction over this action because Plaintiff does not have standing. Plaintiff has failed to demonstrate a judicially cognizable injury in fact because he has not alleged that he has suffered, or will imminently suffer, any injury that would cause him harm "in an individual and personal way." *Lujan*, 504 U.S. at 561 n.1. Put another way, Plaintiff's claim is not particularized; it is a generalized grievance brought on behalf of the "American Citizens." *See, e.g.*, *Lichtman v. United States*, 316 F. App'x 116, 119 (3rd Cir.

2008); *Peterson v. Obama*, No. 15-cv-411-PB, 2015 U.S. Dist. LEXIS 166200 (D.C.N.H. Nov. 30, 2015). In addition, although Congress has given federal courts the power to issue writs "in aid of their respective jurisdictions," 28 U.S.C. § 1651, "if there is no jurisdiction to aid, there is no mandamus to grant." *United States v. Carroll*, No.10-1400, 2012 U.S. App. LEXIS 9520, at *2 (6th Cir. Apr. 27, 2012).

     Plaintiff's claims are also barred by the doctrine of sovereign immunity. Sovereign immunity bars a claim against the United States and its employees acting in their official capacity save consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The United States has not consented to be sued for conduct stemming from "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted). Nor has it consented to be sued for constitutional violations. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994).

     Accordingly, a separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: September 29, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     U.S. Attorney
4416.011

4